IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IVORY JAMES SMITH, #123840, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-CV-348-WHA |
| | ) | [WO] |
| | ) | |
| WILLIE THOMAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Ivory James Smith ("Smith"), a state inmate, April 13, 2012.[1]  In this petition,

Smith challenges a murder conviction imposed upon him pursuant to this guilty plea by the

Circuit Court of Russell County, Alabama on May 15, 1979.[2]  The trial court sentenced

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The petition indicates that Smith submitted the petition to prison officials for mailing on April 13, 2012.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 15.  In light of the foregoing and for purposes of the proceedings herein, the court considers April 13, 2012 as the date of filing.

[2] Smith advises that on April 6, 1979 a Russell County Grand Jury issued an indictment charging him with the murder of Cliff Anderson.  *Memorandum of Law in Support of Petition for Writ of Habeas Corpus Relief - Doc. No. 2* at 1.  Smith concedes that the trial court appointed Homer Cornett and Sam Loftin on April 30, 1979 to represent him on the murder charge for which he had been indicted.  *Id.* at 2.  On this same date, counsel for Smith filed an application for Youthful Offender Status and the trial court scheduled a hearing on this application for May 8, 1979.  *Respondents' Exhibit 1 - Doc. No. 14-1* at 21.  At the conclusion of this hearing, the trial court denied Youthful Offender Status and arraigned Smith on the murder charge set forth in the indictment.  *Id.* at 21-22.  Smith alleges he was denied due process regarding his murder conviction because he was not represented by counsel during arraignment on May 8, 1979. *Memorandum of Law in Support of Petition for Writ of Habeas Corpus Relief - Doc. No. 2* at 5-6.

Smith to life imprisonment on this same date.  The record demonstrates that the murder conviction and resulting sentence became final by operation of law in June of 1979.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitations period applicable to 28 U.S.C. § 2254 petitions.  *Respondents' Answer - Doc. No. 14* at 4-6.  In support of this argument, the respondents contend that because Smith's murder conviction became final long before the effective date of the AEDPA, the limitations period began to run on April 24, 1996.  *Id*. at 5; *Wood v. Milyard*, --- U.S. ---, 132 S.Ct. 1826, 1831 (2012) ("For a prisoner whose judgment became final before the AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."); *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11ᵗʰ Cir. 1998) (Prisoners whose convictions were final prior to passage of the AEDPA are allowed a reasonable period of time after enactment of section 2244(d)'s one-year period of limitation to file their habeas petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date.").  Because Smith's murder convictions became final well before passage of the AEDPA, his "time for filing a federal petition therefore began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997, unless [Smith] had a 'properly filed' application for postconviction relief 'pending' during that period." *Wood*, --- U.S. at ---, 132 S.Ct. at 1831; 28 U.S.C. § 2244(d)(2) ("The time during which

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.").

The respondents acknowledge that Smith filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in the Circuit Court of Russell on County, Alabama on April 8, 2011 challenging his murder conviction. *Respondents' Exhibit 1 - Doc. No. 14-1* at 8-19.[3] The respondents maintain that this Rule 32 petition did not toll the one-year period of limitations because Smith filed the petition after expiration of the federal limitations period and, therefore, this state post-conviction petition was not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite period of limitations. *Respondents' Answer - Doc. No. 14* at 5-6; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll

---

[3]The Rule 32 petition reflects that Smith certified he mailed the document on April 8, 2011. *Respondents' Exhibit 1 - Doc. No. 14-1* at 14. As previously noted, *supra*. at n.1, a *pro se* inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. Thus, this court considers April 8, 2011 as the appropriate date of filing for Smith's Rule 32 petition.

that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Thus, the respondents assert that the limitations period began running for Smith on the AEDPA's effective date of April 24, 1996 and, in the absence of statutory or equitable tolling, expired on April 27, 1997. *Respondents' Answer - Doc. No. 14* at 5-6.  The respondents therefore argue that the instant habeas petition is untimely as it "was filed nearly fifteen years after this date."  *Id*. at 6.

Based on the foregoing, the court entered an order advising Smith that he failed to file his federal habeas petition within the limitations period established by federal law and informing him that the record before the court also indicates he is entitled to no relief as the state courts properly adjudicated his claim on the merits.  *Order of June 19, 2012 - Doc. No. 15*.  The order specifically provided Smith an opportunity to "show cause why this petition for federal habeas corpus relief should not be dismissed as it was not filed within the requisite one-year period of limitation established by the AEDPA and subsequent federal case law."  *Id*. at 6.  The order also allowed Smith the opportunity to "address

whether relief is warranted on his claim in light of the adverse adjudication of the claim by the state courts." *Id.*  In his response to this order, Smith argues that the state courts erred in denying him relief based on testimony presented at the evidentiary hearing because "[t]he ... case action summary ... does not specifically state that Smith was represented by counsel at his arraignment that occurred on May, 8, 1979." *Petitioner's Traverse - Doc. No. 16* at 4.  Smith also asserts that under both state and federal law a claim challenging lack of counsel "at ... arraignment is a jurisdictional issue that is not precluded under any preclusion grounds, including the statutory limitation period....." *Id*. at 8.[4]

Upon review of the pleadings filed by the parties, the undisputed state court record, relevant state law and applicable federal law, the court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that this habeas petition is due to be denied.

## II.  DISCUSSION

### A.  The Federal Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitations on petitions filed pursuant to 28 U.S.C. § 2254.  This limitations period is

---

[4] Smith is correct in his assertion that Alabama law exempts jurisdictional claims from the State's post-conviction limitations period, *see McNeal v. State*, 43 So.3d 628, 629 (Ala.Cr.App. 2008); *Skinner v. State*, 987 So.2d 1172, 1175 (Ala.Cr.App. 2006); *Jones v. State*, 724 So.2d 75, 76 (Ala.Cr.App. 1998).  However, as discussed *infra*. at 9-10, the same is not true for federal law.

codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Initially, the statute directs that the limitations period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court by properly exhausting the direct appeal process, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Jimenez v. Quarterman*, 211 F.3d 1225 (11th Cir. 2000) (Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period "begins on 'the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) when the Supreme Court denies certiorari or the time to apply for certiorari expires.  The ninety-day period in which to seek certiorari from the United States Supreme Court counts towards the one-year period of limitations when a petitioner fails to properly preserve his right to seek this relief by failing to present his claims to the highest state court on direct appeal.

In addition, the provisions of 28 U.S.C. § 2244(d)(1)(B), (C) and (D) provide other potential start dates for the limitations period, i.e., the date a State impediment to filing was removed, the date the asserted constitutional right was first recognized by the United States Supreme Court where the right is newly recognized and made retroactively applicable, and the date on which the petitioner could have discovered the factual predicate of his claim with the exercise of due diligence.

On May 15, 1979, Smith entered a plea of guilty to murder and was sentenced to life imprisonment.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 1.  Smith

concedes that he did not file an appeal of this conviction. *Id*. at 2. Since Smith failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his 1979 murder conviction. By operation of law, this conviction became final on June 26, 1979 -- forty-two days after the trial court imposed the sentences against him as this is the date on which his time to seek direct review of the murder convictions expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Thus, if this court applied the AEDPA retroactively to Smith's habeas petition, the one-year period of limitations contained in section 2244(d)(1) would have expired on his murder conviction numerous years prior to enactment of the AEDPA. Federal courts have uniformly recognized that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Smith], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox*, 158 F.3d at 1211. Consequently, the "time for filing a federal petition therefore began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997, unless [Smith] had a 'properly filed' application for postconviction relief 'pending' during that period." *Wood*, --- U.S. at ---, 132 S.Ct. at 1831; *Wilcox*, 158 F.3d at 1211 (Prisoners whose convictions are "final before the AEDPA's effective date of April 24, 1996 " are allowed a reasonable time after enactment of § 2244(d)(1)'s one-year period of limitations to file their § 2254 petitions and "a

reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date.");
*Hoggro v. Boone*, 150 F.3d 1223, 1225-1226 (10th Cir. 1998) (In cases of prisoners whose convictions became final prior to the effective date of the AEDPA, the limitations period runs from the AEDPA's effective date, April 24, 1996.).

    1. **Applicability of the Limitations Period**.  Smith argues that his claim alleging lack of counsel at arraignment is a jurisdictional defect which is not subject to the one-year period of limitations established by federal law.  However, neither the AEDPA nor federal case law exempts jurisdictional issues from application of the statue of limitations. Although the Supreme Court has recognized that "the failure to appoint counsel for an indigent [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect, which therefore warrants special treatment among alleged constitutional violations[,]" it determined that "as with any § 2254 petition, the petitioner [raising such a claim] must satisfy the procedural prerequisites for [federal habeas] relief" which include proper exhaustion of the claim via state remedies and filing the petition within the applicable limitations period.  *Lackawanna County Dist. Attorney v. Cross*, 532 U.S. 394, 404, 121 S.Ct. 1567, 1574 (2001) (internal quotations and citation omitted); *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) ("Crucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition' a petition seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief....'"); *Jackson v. Secretary for Dept. of*

*Corrections*, 206 Fed. Appx. 934, 937 (11th Cir. 2006), *cert. denied*, 550 U.S. 921, 127 S.Ct. 2135 (2007) (Petitioner "filed his petition more than a decade after his conviction [became final. Thus, [Petitioner] did not satisfy the procedural prerequisites for relief, which is a necessary component of a collateral attack even when alleging a *Gideon*-type violation [i.e., denial of the right to counsel at a critical stage of the proceedings].") Consequently, the claim presented by Smith is subject to the one-year period of limitations contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that no government impediment existed to the presentation of Smith's habeas claim attacking the jurisdiction of the trial court nor is this claim based on a newly recognized constitutional right. Furthermore, the factual predicate of Smith's claim for federal habeas relief was available to him at the time the trial court conducted his arraignment. The claim presented by Smith alleging lack of counsel at arraignment therefore fails to meet any of the exceptions for extension of the start date for the limitations period as permitted by the provisions of 28 U.S.C. § 2244(d)(1)(B), (C) and (D). In light of the foregoing, the federal limitations period is applicable to the instant petition for habeas corpus relief.

    **2. <u>Statutory Tolling</u>**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Smith filed a Rule 32 petition in April

of 2011, this state post-conviction petition did not toll the federal limitations period because Smith filed such petition several years after the limitations period had expired. *Webster*, 199 F.3d at 1259 ("A state court petition ... filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore*, 321 F.3d at 1381 (Statute permits tolling of the limitations period only while a properly filed state post-conviction action is pending and such action cannot "reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

The court therefore concludes that the tolling provision of 28 U.S.C. § 2244(d)(2) is unavailing with respect to the Rule 32 petition filed by Smith on April 8, 2011. Thus, the federal limitations period began to run on April 24, 1996, and, absent equitable tolling, the time allowed Smith for filing a federal habeas petition expired on April 24, 1997.

**3. Equitable Tolling**. Case law directs that the limitations period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in

most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).  Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).  The AEDPA's one-year period of limitations "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Smith presents no arguments relative to equitable tolling.  Nevertheless, to the extent the pleadings before this court can be liberally construed to seek equitable tolling based on Smith's limited legal knowledge, he is entitled to no relief as the law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not

constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitations period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status throughout majority of limitations period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Moreover, the record before this court is devoid of any evidence indicating an

"extraordinary circumstance" existed which "prevented" Smith from filing a timely federal petition for habeas corpus relief.  Additionally, Smith presents nothing demonstrating he exercised diligence in pursuing relief in a § 2254 petition.  The record is therefore devoid of evidence that Smith's over fifteen year delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.  *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999).

Under the circumstances of this case, this court "cannot say that [Smith] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5.  Consequently, Smith is not entitled to equitable tolling of the limitations period.

**4.  Expiration of the Limitations Period**.  Based on the foregoing, the applicable one-year period of limitations began to run on April 24, 1996 and expired on April 24, 1997.  Smith filed the instant petition for federal habeas relief on April 13, 2012, almost fifteen years after expiration of the federal limitations period.  Smith has failed to demonstrate that his federal habeas petition should not be dismissed as untimely filed.

## B.  Adjudication of Claim by the State Courts

Assuming *arguendo* that Smith filed the instant petition prior to expiration of the

limitations period, he would be entitled to no relief as the state courts properly adjudicated his claim on the merits.  "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."  *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established

[Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409], 120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Clearly established federal law is ***not*** the law of the lower federal courts, including this court. Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.' *Williams*, 529 U.S.

at 412, 120 S.Ct. at 1523." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) "'[C]learly established federal law' in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of the [Supreme Court's] decisions as of the time of the relevant state-court decision."); *Berghuis v. Smith*, 559 U.S. 314, 320 (2010) (decision of federal court of appeals does not constitute "clearly established Federal law" for purposes of federal habeas review).

The law is well established that "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning. 529 U.S., at 404–405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [United States Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts. *Id.,* at 405–406, 120 S.Ct. 1495. The [district] court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407–408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409–410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the

unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly').'  *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Harrington v. Richter*, 562 U.S. 86, --, 131 S.Ct. 770, 786 (quoting *Williams*, 529 U.S. at 410 (emphasis in original) ("For purposes of § 2254(d)(1), 'an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law."); *Brown v. Payton*, 544 U.S. 133, 141 (2005) ("A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result."); *Windom v. Secretary, Dept. of Corrections*, 578 F.3d 1227, 1247 (11th Cir. 2009) ("A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's.") (quotation and other marks omitted); *Williams*, 529 U.S. at 411, 120 S.Ct. at 1522 ("Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."); *Putman*, 268 F.3d at 1241 ("A state court

18

conducts an 'unreasonable application' of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case."); *Payton*, 537 U.S. at 141 ("A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.").

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 849 (2010). "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the [state] trial court's ... determination.'" *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341-342 (2006)). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits

imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11ᵗʰ Cir. 2007); *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted) ("AEDPA ... imposes a 'highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'"). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. Additionally, "[t]he usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings ... demands that state-court decisions be given the benefit of the doubt.' *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (internal citation omitted)." *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 748 (11ᵗʰ Cir. 2010). "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument." *Smith v. Secretary, Dept. of Corrections*, 572 F.3d 1327,

1333 (11th Cir. 2009).  "All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion."

*Parker v. Secretary, Dept. of Corrections*, 331 F.3d 764, 776 (11th Cir. 2003).

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles v. Mirzayance,* 556 U.S. 111, [112], 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

*Harrington*, 562 U.S. at --, 131 S.Ct. at 786.

Smith raised his claim alleging lack of counsel at arraignment in the Rule 32 proceedings before the state courts.  After conducting an evidentiary hearing on remand from appeal of the summary denial of Smith's Rule 32 petition, the trial court denied the petition.  On return to remand, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the post-conviction petition.  The relevant portion of this opinion reads as follows:

> On April 8, 2011, Smith filed this Rule 32 petition wherein he alleged the circuit court was without jurisdiction to render judgment or to impose his sentence because counsel was not present at his arraignment.  On April 22, 2011, the State filed an answer wherein it argued that Smith's petition was procedurally barred ... and the petition was without merit.  On May 23, 2011,

21

the circuit court issued an order dismissing Smith's petition [and Smith appealed].  On September 21, 2011, this Court remanded this cause back to the circuit court for it to provide Smith an opportunity to prove, and the State ... an opportunity to rebut, his claim that he was not represented by counsel at his arraignment.  On November 7, 2011, the circuit court conducted a hearing and issued an order denying relief.

\* \* \*

On appeal, Smith reasserts [his claim that the trial court lacked jurisdiction because counsel was not present at his arraignment].  In its November 7, 2011 order the circuit court stated:

> "Smith alleges he was not represented by counsel at his arraignment.  Smith read from affidavits he had previously filed with this court pointing out that the Case Action Summary shows he was arraigned on May 8, 1979 and that the Cast Action Summary fails to show that he was represented by counsel at arraignment.  The State rebutted Smith's allegation by calling two witnesses.  First the State called the Hon. George Greene who testified that he was the lead prosecutor in Smith's case.  Judge Greene testified that Judge Wayne T. Johnson had appointed the Hons. Homer Cornett and Sam Loftin to represent Smith and that Smith was represented by counsel at his arraignment.  Judge Greene testified he was present at arraignment."

> "The Case Action Summary shows that aforementioned counsel were appointed on April 30, 1979 and applied for Youthful Offender Status on that same date.  Youthful Offender Status was denied [on May 8, 1979] and Smith was arraigned on [this same date].  Judge Greene further testified that it was the custom of Judge Wayne T. Johnson to require counsel to be present for arraignment.  The State then called the Hon. Sam Loftin, one of Smith's appointed counsel.  Mr. Loftin did not recall Smith's arraignment but did recall that Judge Wayne T. Johnson required counsel to be present for arraignment.["]

"Based on the submissions of appellant, the testimony of the witnesses, and the court's own record, Smith's petition for rule 32 relief is ordered denied."

The circuit court's findings are supported by the record.  Because the circuit court's findings are supported by the record, this Court cannot say that the circuit court abused it's discretion by denying relief....

Accordingly, the judgment of the circuit court is affirmed.

*Respondents' Exhibit 3 (Memorandum Opinion on Appeal from Denial of Rule 32 Petition) - Doc. No. 14-3 at 2-4.*

The decisions of the state courts were not contrary to actual Supreme Court decisions or an unreasonable application of clearly established federal law.  In addition, the court finds that these decisions constituted a reasonable determination of the facts in light of the evidence presented by the parties.  Habeas relief is therefore likewise unwarranted on Smith's claim alleging lack of counsel at arraignment as the state courts properly adjudicated this claim on the merits.

### III.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Ivory James Smith be DENIED.

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before April 30, 2015 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of April, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

24