IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IVORY JAMES SMITH, #123840, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 3:12-cv-348-WHA |
| ) | |
| WILLIE THOMAS, et al., ) | (WO) |
| ) | |
| Respondents. ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #21), entered on April 13, 2015, and the Petitioner's Objection (Doc. #22), filed on April 30, 2015.

The court has conducted an independent evaluation and *de novo* review of the Recommendation, and the file in this case, and finds as follows:

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by a state inmate, Ivory James Smith, in which he challenges a murder conviction imposed upon him pursuant to his guilty plea by the Circuit Court of Russell County, Alabama on May 15, 1979.  On April 13, 2015, a Recommendation was entered that the petition be denied as Smith failed to file the petition within the one-year period of limitations required by 28 U.S.C. § 2244(d).  The Recommendation also determined that even had Smith timely filed the habeas petition he was entitled to no relief because the state courts properly adjudicated his claim alleging lack of counsel at arraignment adversely to him on the merits.  In denying Smith relief on this claim, the state courts relied on testimony provided at the Rule 32 evidentiary hearing, including testimony from Judge George Greene -the prosecutor in Smith's case- that Judge

Wayne T. Johnson had appointed lawyers Homer Cornett and Sam Loftin to represent Smith and that Smith was represented by counsel at his arraignment.  Judge Greene testified he was present at arraignment.  *Respondents' Exhibit 3 (Memorandum Opinion on Appeal from Denial of Rule 32 Petition) - Doc. No. 14-3* at 3.  Additionally, Smith's trial counsel, Sam Loftin, testified "that Judge Wayne T. Johnson required counsel to be present for arraignment.["]  *Id*.  In the Recommendation, it was determined that:  "The decisions of the state courts were not contrary to actual Supreme Court decisions or an unreasonable application of clearly established federal law.  In addition, the court finds that these decisions constituted a reasonable determination of the facts in light of the evidence presented by the parties.  Habeas relief is therefore likewise unwarranted on Smith's claim alleging lack of counsel at arraignment as the state courts properly adjudicated this claim on the merits."  *Recommendation - Doc. No. 21* at  23.  This court agrees.

In his objection filed on April 30, 2015 (Doc. No. 22), Smith presents no challenges to the finding set forth in the Recommendation that the instant habeas petition was not timely filed and, instead, argues only that the state courts decided his claim contrary to clearly established federal law.  Smith, however, does not identify the clearly established law violated by the state courts in reaching their decisions and this assertion is clearly without merit.  Thus, the objection does not warrant relief from the findings contained in the Recommendation, and it is OVERRULED.

The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that the petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 12th day of May, 2015.

                                                /s/ W. Harold Albritton  
                                                W. HAROLD ALBRITTON  
                                                SENIOR UNITED STATES DISTRICT JUDGE